## In re Rice Taxes

*Chad. L. John*, for petitioner.

DUMBAULD, P. J., January 14, 1941.—Donald W. Edwards, receiver of the Monongahela National Bank, presents a petition in the above-styled case, praying that the court approve a compromise of the taxes due to the several taxing authorities of Fayette County, the School Board of Brownsville Borough, and Brownsville Borough itself, for the years 1932 to 1940, inclusive. These taxes

amount in the aggregate to $2,985.50. The property during these years was assessed at the sum of $5,500.

The Monongahela National Bank, of which petitioner is receiver, was the holder of a mortgage executed by Norval M. Rice and Charles E. Rice, dated July 1, 1938, and recorded in Fayette County, in mortgage book vol. 194, p. 176. This mortgage was foreclosed, and, on June 3, 1939, the property in question was sold at sheriff's sale to the mortgagee, Monongahela National Bank, and the sheriff's deed conveying the property to the receiver of the bank is recorded in deed book vol. 547, p. 84.

The petition describes the property by metes and bounds.

The testimony is practically uniform to the effect that the present market value of the property is $5,000. It is encumbered by a mortgage in the sum of $1,800, with interest since 1926, payable to the estate of Sarah Rice, deceased.

David Crouse is the property assessor of the ward within which this property is located. His testimony is to the effect that, when the laundry was in operation and the assessment made on the basis that this was a business property, the assessment of $5,500 was not too high. He further states that about 1935 the business went to pieces, both on account of the depression and the introduction of dry cleaning operations, and that thereafter it was impossible profitably to conduct the business of the Rice laundry.

When the laundry was running in full, he says, its proprietors employed from thirty to fifty persons. These employes lived in Brownsville and their continued employment was profitable to this borough.

The assessor testifies that this deflation in value took place in 1935 and from that time to the present $1,500 would have been, and would be, a fair valuation for this property.

No very convincing reason is given for failure to make this reduction in the assessment. The owners of the prop-

erty made no request for such reduction. The bank, of which petitioner is receiver, did not ask to have the assessment reduced. The assessor, even though he now testifies that it should have been reduced, permitted one or more triennial assessments to pass without making any adjustment.

It would perhaps be unfair to hold the bank entirely responsible for this failure to reduce the assessment at the time when it should have been reduced. Neither is it fair to compel the bank to pay taxes during these years when the assessment should equitably have been reduced.

Accepting the testimony of Mr. Crouse, that this reduction should have been made in 1935, we find that the taxes in arrearages up to that time, on the $5,500 assessment, were for 1932, $390.50; for 1933, $373; for 1934, $319, a total of $1,082.50. An equitable compromise will require the payment of this sum in full.

The taxes for 1935, 1936, 1937, 1938, 1939, and 1940, amount in the aggregate to $1,903. This total results from an assessment for each of these years of $5,500. We have found as a fact that an equitable assessment for each of these years would have been $1,500. An equitable settlement of the taxes for these years would be reached by the payment of 1,500/5,500 or 3/11 of this total; 3/11 of $1,903 is $519, which, added to $1,082.50, makes a total of $1,601.50. Payment of this sum by the bank would equitably settle the tax bill on the assessed value, as contained in the testimony of the assessor Crouse.

The county, the borough, and the school board had notice of the hearing in this case. The school board appeared and publicly approved of the proposed settlement. The other taxing authorities, by their absence, indicated their satisfaction with the proposed settlement.

Under the circumstances described, we have no hesitancy in finding as a fact that a compromise on the terms suggested is equitable, fair, and to the advantage of the taxing authorities interested.

We will, therefore, make an order, approving a compromise upon the terms suggested when petitioner files a stipulation agreeing to pay the sum set forth, namely, $1,601.50.

*Order*

Now, January 14, 1941, upon and after consideration, it is ordered and directed that the compromise of the taxes on the property situate in the Borough of Brownsville, Fayette County, Pa., formerly the property of Norval M. Rice and Charles E. Rice, be and the same hereby is approved, upon condition that petitioner, Donald W. Edwards, receiver of the Monongahela National Bank, file a stipulation agreeing to pay, and actually paying for the use of the taxing authorities involved the sum of $1,-601.50.